David G. Taylor v. Commissioner. Michael Meyer Shack and Helen Shack v. Commissioner.
Taylor v. Commissioner
Docket Nos. 2143-68, 461-69 SC.
United States Tax Court
T.C. Memo 1969-168; 1969 Tax Ct. Memo LEXIS 128; 28 T.C.M. (CCH) 844; T.C.M. (RIA) 69168; August 14, 1969. Filed David G. Taylor, pro se, 4216 Peck Rd., El Monte, Calif., in docket No. 2143-68. Helen Shack, pro se, 2139 Second Ave., North Merrick, N. Y., in docket No. 461-69 SC.Wallace Musoff, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner Taylor's 1964 income tax in the amount of $604.64 and in the 1964 income tax of Michael Meyer Shack and Helen Shack in the amount of $228. Petitioner Taylor has conceded respondent's adjustment to his claimed charitable contributions *129 and has conceded respondent's disallowance of a claimed child care deduction of $190 under section 214 of the Internal Revenue Code of 1954. [1] Petitioner Taylor still contends however that the $190 amount is to be included along with his other contributions toward the support of his two minor children as regards determination of the question whether he is entitled to an exemption for either or both of them under sections 151(a) and (e) and 152(a) of the Code. The only issue regarding petitioners Michael Meyer Shack and Helen Shack is whether they are entitled to exemptions for either or both of the minor children of Helen Shack under sections 151(a) and (e) and 152(a) of the Code. Findings of Fact Petitioner David G. Taylor is an individual who resided at Highland, New York, at the time his petition herein was filed. His individual income tax return for 1964 was filed with the district director of internal revenue, Albany District, New York. Petitioners Michael Meyer Shack and Helen Shack are husband and wife and resided at Merrick, New York, at the time their petition herein was filed. *130 Their joint income tax return for the year 1964 was filed with the district director of internal revenue, Brooklyn District, New York. 845 David G. Taylor (David) and Helen Shack (Helen) were formerly married and such union produced the two children who are now claimed by each of them as dependency exemptions in this proceeding. The two children are Edward Martin Taylor (Edward) and Sherry Taylor (Sherry) who were respectively 11 and 13 years of age during the year in issue. David and Helen were divorced in 1961. In 1962 the Supreme Court for Kings County, New York, granted custody of Edward and Sherry to Helen; granted visitation rights to David between 10 a.m. and 5 p.m. each Saturday; from 10 a.m. Saturday until 5 p.m. Sunday, on the second weekend of each month; and for the month of July during each year. In addition David was granted, 10 a.m. Saturday to 5 p.m. Sunday, visitation rights on the weekends following Thanksgiving, Christmas, Decoration Day and on the last weekend in the month of April. The said court further decreed that David was to make support payments for the children in the sum of $35 per week. During 1964 the Shacks lived in a fourbedroom split-level *131 house in which Edward and Sherry each had private rooms. Sherry's room was air conditioned because of an allergic condition. The house was occupied by a total of five persons since the Shacks then had a child of their own. The house was rented and one-fifth of the rent in the amount of $600 is allocated toward Edward's support and a like amount is allocated toward Sherry's support. During 1964 Sherry's teeth were being straightened and Helen paid $265 to the orthodontist for this purpose. During 1964 David had about 86 days of visitation with Edward and Sherry, such figure including about 46 nights away from the Shack's home. The above "overnight" time includes an automobile vacation trip for David and the two children during July. The details of such trip are not made clear by the record in that neither its duration nor mileage are shown, but it is shown that David and the children stayed at motels, and visited Lake George, New York, montreal and Quebec, Canada, and a camp in Vermont. David did not make the $35 weekly payments to Helen during the times the children were with him overnight. During 1964 such payments to Helen totaled $1,669 ($834.50 for each child). Also during *132 1964 David paid a governess or babysitter $95 on behalf of each child. Total amounts expended by David in support of the children during the year in issue were $1,376 on behalf of Edward and $1,366 on behalf of Sherry. The total amounts expended by Michael Meyer Shack and Helen Shack in support of the children during the year in issue were $966.50 on behalf of Edward and $1,388.50 on behalf of Sherry. David is entitled to the claimed dependency exemption in 1964 for Edward but not for Sherry. Michael Meyer Shack and Helen Shack are entitled to the claimed dependency exemption for Sherry but not for Edward. Opinion This is yet another case of divorced parents, each genuinely fond of the children from their now broken home, vying with each other for the dependency exemptions provided for by sections 151(a) and (e)(1) and 152(a)(1) of the Code. [2]
*133 Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. SEC. 151. Allowance of Deductions for Personal Exemptions. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * * SEC. 152. Dependent Defined. (a) General Definition. - * * * the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer, * * * (2) A stepson or stepdaughter of the taxpayer, Respondent's determinations in the instant case disallowed all four of the claimed exemptions but respondent has not and does not contend that any of the support for either Edward or Sherry was furnished by anyone other than David or Helen and the record does not indicate that any support was furnished by persons other than the parents. The burden of each parent under the statute is proof that "over half" of the child's support for the year in issue was received from that parent. The record in this case is confused and unsatisfactory and indicates that the amounts so spent by David and Helen during the year in issue were extremely close. 846 We have included in our findings specific amounts for certain major items. Other major items were estimated by both Helen and David and as to these estimates we have exercised our best judgment to arrive at the total amounts which are set out in our findings. David contended that certain amounts be included in his totals for the utilities in his home and for his automobile expenses in conveying Edward and Sherry between his home and theirs. We include nothing for these items under the authority of Aaron F. Vance, 36 T.C. 547 (1961), where we said at 550: In addition to the items conceded by respondent, petitioner would substantially increase his contributions to include as support furnished by him a part of the estimated rental value of the home in which he and his mother lived * * * and automobile expenses for conveying the children between his home and theirs * * * We do not consider any portion of the rental value of his house and furniture as a part of the support of the children. Beverly had custody of the children and the duty to provide them with a place to live. Petitioner was merely exercising his personal rights of visitation when he brought the children to his own home and he was under no necessity to provide a home for them. * * * and his own automobile expenses incurred in the exercise of his visitation rights would not be allocable to the children's support. * * * We have, however, in spite of the unsaits-factory state of the record, included small amounts in David's totals for the children's shares of automobile expenses in connection with the July vacation trip. The sole remaining issue herein is factual, and it is disposed of by our findings. David is entitled to the dependency exemption for Edward, and Helen and her present husband are entitled to the dependency exemption for Sherry. Decisions will be entered under Rule 50. ↩